NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMOR J. DEMBY,<br><br>                          Plaintiff,<br><br>          v.<br><br>VICTORIA KUHN,<br><br>                          Defendant. | Civil Action No. 25-2623 (MAS) (JTQ)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Jamor J. Demby's ("Plaintiff") civil complaint (ECF No. 1) and most recent application to proceed *in forma pauperis* (ECF No. 12). Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

I.     **BACKGROUND**

Plaintiff is a state prisoner currently confined in South Woods State Prison. (ECF No. 12 at 2.) Prior to his most recent arrest, Petitioner served an eighteen-year sentence subject to an eighty-five percent parole disqualifier, which he alleges he "maxed out" in November 2024. (ECF No. 1 at 1-2.) During this period of incarceration, Plaintiff alleges that he earned "600 [days of]

work credits" which he was not permitted to apply in an effort to reduce his sentence. (*Id.* at 2.) Plaintiff now seeks to sue the current commissioner of the New Jersey Department of Corrections ("NJDOC"), Defendant Kuhn, in both her individual and official capacities, arguing that he is entitled to compensation under the Eighth and Fourteenth Amendments for these unused work credits. (*Id.* at 1-3.) Plaintiff does not allege any facts which assert that Kuhn was in any way involved in his inability to apply or otherwise use his credits or that she denied any request for such compensation. (*Id.*)

## II.    **LEGAL STANDARD**

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic

2

recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

Plaintiff argues that he is entitled to compensation for six hundred days of work credit that he was not able to apply towards his prior sentence. Even assuming that Plaintiff could show that he has a state created interest in compensation for his unused work credits,[1] Plaintiff raises his claim in this matter against a single Defendant—Victoria Kuhn, the commissioner of the

---

[1] Prisoners have no federal constitutional right to a prison job, nor do they possess a constitutional right to wages for any work performed while incarcerated. *See, e.g., Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016, at *4 (D.N.J. Dec. 28, 2015). Prisoners likewise lack a right *not* to work while incarcerated and can therefore "reasonably expect to be required to work without compensation as a result of [a] conviction." *Id.* Plaintiff therefore has no federally protected right to compensation for his work credits, and instead would only have a valid Due Process claim if he had a state created interest in monetary compensation for his unused credits. While the New Jersey courts have suggested that some inmates may be entitled to compensation for credits whose benefit they have denied, Plaintiff's eligibility for such compensation is at best unclear from the facts alleged in his current complaint. *See, e.g., Salvador v. Dep't of Corr.*, 378 N.J. Super. 467, 470 (N.J. Super. Ct. App. Div.), *certif. denied*, 185 N.J. 295 (2005).

3

NJDOC—in her individual and official capacities. Because a claim against Defendant in her official capacity is no different than a suit against her employer, the NJDOC, and as the DOC is an arm of the state entitled to Eleventh Amendment Immunity, Defendant is immune from suit in federal court in her official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-71 (1989). Such claims may only be pursued in state court. Plaintiff's claim against Defendant in her official capacity is therefore dismissed with prejudice.

Turning to Plaintiff's individual capacity claims, a defendant in a federal civil rights proceeding may only be held liable if the defendant was personally involved in the alleged wrong. A defendant may not be held liable based solely upon his supervisory role. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Supervisory officials, such as the NJDOC commissioner, may therefore only be held liable where they can be said to be personally involved in the alleged wrong—either where they were directly involved, had knowledge of and acquiesced in the alleged wrong, or put into place a policy, custom, or practice that was the moving force behind the alleged violation. *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Plaintiff has not alleged that Defendant Kuhn was in any way involved in his inability to apply his work credits. Nor has Plaintiff alleged that she developed any policy or procedure that led to the denial of any compensation to which he *may* have been entitled under state law for those credits. Plaintiff has thus failed to allege facts indicating that Kuhn was directly involved in the alleged wrong. Even assuming, *arguendo*, that Plaintiff could show an entitlement to compensation for his credits under a state created liberty or property interest, he has failed to plead a plausible claim for relief against the sole named Defendant. Plaintiff's complaint must therefore be dismissed without prejudice.

4

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 12) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.  An Order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 7/15/26

5